United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Mark Lorkowski,   Case No. 13-40576-R
        Debtor.   Chapter 7
_____/

Opinion Regarding Objection to Exemptions

I.

The debtor filed for chapter 7 relief on January 11, 2013. The debtor scheduled a Fidelity Simple IRA account and claimed an exemption of the $80,000 value under § 522(d)(12).

On March 15, 2012, the trustee discovered that the debtor actually had four Fidelity IRA accounts and a money market account. The debtor then claimed an exemption of the IRA accounts. The trustee objected to the exemption of any of the IRA accounts on the grounds that the debtor exhibited bad faith in failing to disclose the additional Fidelity accounts. The trustee also objected because the account agreements gave Fidelity an interest in the accounts, allowing Fidelity to withdraw funds to cover fees and expenses. The trustee argued that this was a prohibited transaction that caused the IRAs to lose their tax exempt status under the tax code.

The Court conducted a hearing on the trustee's objections on April 15, 2013. Following the hearing, the Court scheduled an evidentiary hearing. At the conclusion of the evidentiary hearing, the Court held that the trustee had not established by a preponderance of the evidence that the debtor intentionally or recklessly failed to disclose the IRAs such that his exemptions should be denied.

The Court took under advisement the legal issue of the exemptability of the IRAs.

II.

When a debtor files a petition in bankruptcy an estate is created that contains "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Pursuant to 11 U.S.C. § 522(b) a debtor can exempt certain property from the bankruptcy estate by claiming an exemption. Pursuant to Fed. R. Bankr. P. 4003, a party in interest may object to a claimed exemption; however, such party "has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c).

11 U.S.C. § 522(d) permits a debtor to exempt from property of the estate:

> (12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(12).

The Code further provides that retirement funds that have received a favorable determination under section 7805 of the Internal Revenue Code of 1986 shall be presumed to be exempt from the estate. See 11 U.S.C. § 522(b)(4)(A). The Fidelity IRAs in question have received a favorable determination from the IRS.

The trustee seeks to rebut the presumption of exemptability by arguing that the IRAs have lost their tax exempt status because they contain a provision in Article VIII, paragraph 18(a), which allows for payment of fees and expenses from the account. The trustee argues that this provision is tantamount to a lien for fees and expenses. The trustee relies on *In re Daley*, 459 B.R. 270 (Bankr. E.D. Tenn. 2011) (Debtor engaged in a prohibited transaction by signing account agreement which granted brokerage firm lien against account for any payment obligations.).

However, *Daley* was recently reversed by the Court of Appeals. *Daley v. Mostoller* (*In re*

*Daley*), __ F.3d __, 2013 WL 2922651 (6th Cir. June 17, 2013). In reversing the district court decision, the Sixth Circuit held that because the debtor never actually borrowed from his IRA, nor was he extended credit based on the existence of his IRA, no prohibited transaction occurred. *Id.* at *2.

The court also noted that IRS Announcement 2011-81 provides that it will not find certain indemnification agreements, like the one in *Daley*, to constitute a prohibited transaction under § 4975. *Id.* at *3.

In this case, the debtor also never borrowed from his IRA or made any other transactions with his IRA. He merely "signed a boilerplate lien provision as a requirement of opening an account that the IRS approved." *Id.* at *5.

Accordingly, the trustee's objection is overruled.

Not for publication.

**Signed on July 09, 2013**

                                         **/s/ Steven Rhodes**
                                         **Steven Rhodes**
                                         **United States Bankruptcy Judge**